UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01982-TWP-DML |
| | ) | |
| THE CELEBRITY CAFE.COM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) by Defendant The Celebrity Cafe.Com, LLC ("Celebrity") (Filing No. 8). Also before the Court is a Motion for Leave to File Amended Complaint filed by Plaintiff Larry G. Philpot ("Mr. Philpot") (Filing No. 10). Mr. Philpot initiated this action, asserting various copyright claims against Celebrity for alleged copyright violations involving photographs of musicians Willie Nelson and Kid Rock taken and copyrighted by Mr. Philpot. Celebrity moved to dismiss Mr. Philpot's Complaint based on lack of personal jurisdiction and improper venue. Soon thereafter, Mr. Philpot requested leave to amend his Complaint to include additional defendants. The Court will address each motion in turn.

**I. BACKGROUND**

Mr. Philpot is a professional photographer who lives in Indianapolis, Indiana, and works with concert events across the country. Most of Mr. Philpot's work involves musicians and concerts, and he licenses his photographs to various end users. On October 4, 2009, Mr. Philpot took a photograph of musician Willie Nelson while he was performing in St. Louis, Missouri. Mr. Philpot secured a copyright for this photograph through the United States Copyright Office

approximately three years later on September 5, 2012. Before securing the copyright, Mr. Philpot published the photograph on the internet on May 31, 2011.

On August 25, 2013, Mr. Philpot took a photograph of entertainer Kid Rock while he was performing in Indianapolis, Indiana. Mr. Philpot secured a copyright for this photograph through the United States Copyright Office on November 25, 2013. Before securing the copyright, Mr. Philpot published the photograph on the internet on September 21, 2013.

Celebrity owned and operated the website thecelebritycafe.com from January 2003 to December 3, 2014. The website was used to report on celebrity and entertainment news. Copies of Mr. Philpot's photographs of Willie Nelson and Kid Rock were posted on Celebrity's website in connection with four news articles. The copies of the photographs were posted to the website without any attribution to Mr. Philpot. Mr. Philpot discovered the copies of his photographs on Celebrity's website and sent a cease and desist letter to Celebrity on or about March 28, 2014, directing the removal of the photographs from the website. Mr. Philpot initiated this copyright lawsuit on December 2, 2014. On January 5, 2015, Celebrity moved to dismiss the action, and Mr. Philpot requested leave to amend his Complaint sixteen days later on January 21, 2015.

## II. CELEBRITY'S MOTION TO DISMISS

The Court first addresses Celebrity's Motion to Dismiss, and for the following reasons, the Motion to Dismiss is **GRANTED**.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where there is a "lack of personal jurisdiction" over the defendant. Fed. R. Civ. P. 12(b)(2). Rule 12(b)(3) allows for dismissal when venue is improper. When deciding a motion under Rule 12(b), the Court accepts the factual allegations in the complaint and draws all reasonable inferences in

favor of the plaintiff if they weigh on the issue of personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). But where a complaint consists of conclusory allegations unsupported by factual assertions, the complaint fails even under the liberal standard of Rule 12(b). *Id.*

When considering a motion to dismiss for lack of personal jurisdiction, the Court examines the sufficiency of the complaint, not the merits of the lawsuit. *Id.* The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss the action under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Medical Group*, 149 F. Supp. 2d at 623.

The level of the plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held. *Purdue Research*, 338 F.3d at 782. Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction exists. *Id.* Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists. *Id.*

"If jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction."[1] *Annie Oakley Enters. v. Sunset Tan*

---

[1] The federal statute serving as the basis for this litigation, the Copyright Act, does not authorize nationwide service of process or govern personal jurisdiction. *Novelty, Inc. v. RCB Distrib.*, 2008 U.S. Dist. LEXIS 52443, *10 (S.D. Ind. July 9, 2008) ("Congress did not create national service of process under the Lanham Act or the Copyright Act."); *see also Lighthouse Carwash Sys., LLC v. Illuminator Bldg. Co., LLC*, 2004 U.S. Dist. LEXIS 21666, *6 n.4 (S.D. Ind. Aug. 31, 2004). Therefore, determining personal jurisdiction in this case is governed by Indiana law.

*Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)). Indiana Trial Rule 4.4(A), Indiana's long-arm statute, governs personal jurisdiction in Indiana. "Although Rule 4.4(A) enumerates eight bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Id.* (internal citation omitted). Thus, a court has personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966–67 (Ind. 2006).

For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

Under federal due process standards, personal jurisdiction can be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967. "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id.*

In other words, specific jurisdiction exists when a defendant has deliberately directed its activities toward the forum's residents, and the cause of action results from alleged injuries that arise out of or relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In *Burger King*, the Supreme Court explained the "constitutional touchstone" of "minimum contacts" for personal jurisdiction:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
>
> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 474–76 (internal citations, quotation marks, and footnote omitted).

The Seventh Circuit has provided additional guidance for cases involving the internet and online activity.

> Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive. Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

*be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (citations and quotation marks omitted).

Concerning venue in a copyright action, the Supreme Court has made clear that 28 U.S.C. § 1400 identifies "the proper venue for copyright and patent suits" and thus overrides the general venue statute. *Atl. Marine Constr. Co. v. United States Dist. Court for the Western District of Texas*, 134 S. Ct. 568, 577 n.2 (U.S. 2013). Under 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."

**B.     Discussion**

Celebrity is a New York limited liability company with its only office located in Oceanside, New York. Celebrity is not registered to do business in Indiana. It does not have any offices, paid employees, members, agents, or operations in Indiana. Celebrity has no telephone or fax listings in Indiana. It also has no bank accounts in Indiana, has never paid taxes in Indiana, and does not own, lease, or control any property or assets in Indiana. Dominick Miserandino, Celebrity's sole member, has been to Indiana only twice in his life, visiting Madison, Indiana in 2003 and Indianapolis, Indiana in 2012. Celebrity does not currently conduct any business or own any significant business assets.

Celebrity presented evidence showing that it previously operated the website thecelebritycafe.com from January 2003 until December 3, 2014. It is on this website that Mr. Philpot's photographs of Willie Nelson and Kid Rock appeared without permission. On December 3, 2014, ownership and operation of the website was transferred to Bigfoot Ventures LLC ("Bigfoot") pursuant to an asset purchase agreement between Celebrity and Bigfoot, which was entered into on November 26, 2014.

Celebrity explains that while it was operating the website, it used the website to report on celebrity and entertainment news. The website was accessible to the general public. A small portion (approximately 1.5% in 2014) of the visitors to the website were located in Indiana.

The evidence indicates that Celebrity never sold any goods or services or entered into any financial transactions with any Indiana residents. Celebrity never directly advertised in Indiana or specifically targeted Indiana residents in any way. Celebrity used a third-party advertising server to place banner advertisements on the website. Those advertisements were populated on the website based on internet "cookies" that are on the end user's computer. Thus, an end user would see advertisements that are relevant to his location or recent internet activity. While these advertisements appeared on Celebrity's website, they did not originate from Celebrity.

The articles that contained Mr. Philpot's photographs on Celebrity's website were not targeted toward Indiana or its residents. Celebrity explains that based on the website's statistics, the articles with the copyrighted photographs were viewed by only a limited number of consumers and resulted in less than $20.00 in advertising revenue for Celebrity. It therefore follows, Celebrity asserts, that assuming approximately 1.5% of that revenue was the result of Indiana residents who may have accessed the articles, which is consistent with the general usage of the website, the revenue related to Indiana residents would be virtually nothing, only $0.30.

Based on these facts, Celebrity argues that this Court cannot exercise personal jurisdiction over it. Relying on *be2 LLC*, 642 F.3d at 558–59, and *Bell v. Kirchner*, 2014 U.S. Dist. LEXIS 29483 (S.D. Ind. Mar. 7, 2014) from this Court, Celebrity asserts that simply placing content on the internet cannot result in a finding that Celebrity has engaged in activity that establishes minimum contacts with the State of Indiana. Without conducting any business in Indiana or purposefully directing any activities at or targeting the State of Indiana, personal jurisdiction

cannot be established over Celebrity. Celebrity explains that personal jurisdiction cannot be established because Celebrity does not do or solicit business in Indiana, target any Indiana residents, have any financial transactions with Indiana residents, or generate substantial revenue from or in Indiana.

Mr. Philpot's response in opposition to the Motion to Dismiss fails to present a cogent argument against dismissal. His thirty page brief strings together lengthy quotations from court opinions from across the country while largely ignoring the binding, Seventh Circuit precedent directly on point. Amidst the lengthy, non-binding case law quotations, Mr. Philpot presents sparse unverified, personal assertions regarding his "information and belief" concerning Celebrity's business operations and contacts. He fails to present any argument regarding how the non-binding case law from other circuits applies to the facts of this case to save his case from dismissal.

Mr. Philpot argues that Celebrity advertised to Indiana residents and solicited Indiana advertisers to advertise on its website. However, the Complaint, exhibits, and Celebrity's affidavit evidence clearly establish that Celebrity did not target any individual or entity in Indiana. Rather, Celebrity's website included a standard, fill-in-the-blank form where potential advertisers could contact Celebrity about advertising on its website. Furthermore, Celebrity presented evidence that even with the potential opportunity for Indiana advertisers to contact Celebrity, such contact and advertising never actually occurred. Mr. Philpot fails to rebut this evidence to establish any contacts between Celebrity and the State of Indiana.

Regarding Mr. Philpot's argument concerning Celebrity's advertisements to Indiana residents, such advertisements were from third-parties beyond the control of Celebrity and were based on internet "cookies" and the location of internet end users. Thus, Indiana residents would

receive banner advertisements and information regarding Indiana content because of their location and internet activity, not because of Celebrity's intentional targeting of the forum state. Furthermore, the banner advertising to Indiana residents is not related to Mr. Philpot's alleged injury, so it cannot serve as the basis for personal jurisdiction. *See Burger King*, 471 U.S. at 472 (specific jurisdiction arises where the cause of action results from alleged injuries that arise out of or relate to defendant's activities that are deliberately directed toward the forum's residents).

Because Celebrity has "submitted affidavits or other evidence" that shows a lack of personal jurisdiction, Mr. Philpot "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 783. Mr. Philpot has failed to do so. Rather, he has presented only unverified assertions and unauthenticated exhibits to stretch to create contacts between Celebrity and the State of Indiana. But even those exhibits and assertions fail to establish minimum contacts between the defendant and the forum state. Celebrity has challenged personal jurisdiction and shown that it does not exist. Mr. Philpot's personal assertions and unauthenticated exhibits fail to show that Celebrity has any contacts with the State of Indiana. Having failed to meet his burden to sustain this action against Celebrity, Mr. Philpot's claims against Celebrity must be dismissed for lack of personal jurisdiction.

Improper venue provides an additional basis to dismiss Mr. Philpot's claims against Celebrity. Under 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." Celebrity does not reside in and is not found in the State of Indiana. *See Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993) (a defendant is "found" in any forum in which the defendant is amenable to personal jurisdiction).

Mr. Philpot fails to even mention, let alone respond to, Celebrity's argument concerning improper venue. The Southern District of Indiana is not the proper venue for this action.

### III. MR. PHILPOT'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Next, the Court addresses Mr. Philpot's Motion for Leave to File Amended Complaint and, for the following reasons, **GRANTS** the Motion.

#### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (internal citation and quotation marks omitted). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

#### B. Discussion

Mr. Philpot filed his Complaint on December 2, 2014. Celebrity filed its Rule 12(b) Motion to Dismiss on January 5, 2015. Sixteen days later, on January 21, 2015, Mr. Philpot filed his Motion for Leave to File Amended Complaint. The amended complaint mirrors Mr. Philpot's Motion is his first request to amend his pleading and it was filed within twenty-one days of the

...

Motion to Dismiss, the amendment is permitted as a matter of course.  The Court does not exercise discretion in this instance.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Celebrity's Motion to Dismiss (Filing No. 8) without prejudice and **GRANTS** Mr. Philpot's Motion for Leave to File Amended Complaint (Filing No. 10). This action will proceed **without Celebrity as a defendant**.  The Amended Complaint, submitted at Filing No. 10-2, is deemed filed as of the date of this Order and now is the operative pleading in this action.  Mr. Philpot is ordered to effectuate service on each of the new defendants.

**SO ORDERED.**

Date: 8/25/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, Indiana  46236

Bradley M. Stohry
REICHEL STOHRY LLP
brad@rsindy.com

---

[2] The Court encourages Mr. Philpot to carefully review the law on personal jurisdiction noted in this Order and in other opinions within the Seventh Circuit, review the facts relating to the newly added defendants and any potential contacts they might have with the State of Indiana, and determine whether personal jurisdiction exists for the added defendants or if voluntary dismissal of the Amended Complaint is appropriate under Federal Rule of Civil Procedure 41.