# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Larry G. Philpot | § | |
| | § | |
| Plaintiff | § | |
| | § | Case No. 1:14-cv-01982-TWP-DML |
| VS. | § | |
| | § | |
| The Celebrity Café. Com, LLC. | § | |
| Dominick Miserandino | § | |
| Samantha Ravenscroft | § | **JURY TRIAL DEMANDED** |
| Bigfoot Ventures, LLC | § | |
| Defendants | § | |

## FIRST AMENDED COMPLAINT

Larry G. Philpot ("Philpot"), Pro Se, complains against The Celebrity Café .COM, LLC., a

global music digital media company, Dominick Miserandino, an individual, Samantha

Ravenscroft, an individual, and Bigfoot Ventures, LLC a global music digital media company

headquartered in New York City, which operates thecelebritycafe.com, an entertainment website

and also a Facebook Business Page, as follows

## JURISDICTION AND VENUE

1.      This civil action arises against Defendants for copyright infringement in breach of the

United States Copyright Act, under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this

action under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28

U.S.C. § 1338 (acts of Congress related to copyright).

2.      This Court has personal jurisdiction over the all the Defendants by virtue of their

transacting, doing, and soliciting business in this District, and because a substantial part of

the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events, or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

4.     Venue is proper because of Defendant's contractual contacts in Indiana.

## PARTIES

5.     The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S., and resides in Indianapolis, Indiana.

6.     Defendant, The Celebrity Café.com, LLC., "CELEBRITY", headquartered in New York, NY, owns other entertainment websites, including thecelebritycafe.com, and ranks in the top 50 entertainment websites, and also has a Facebook Business Page, its use and the publication displays articles as well as advertising, and contractually conduct business in this district.

7.     Defendant Dominick Miserandino "MISERANDINO" is the sole member of The Celebrity Café.com , and is ultimately responsible for the actions of the CELEBRITY website, and if CELEBRITY has transferred its assets due to the legal situation, has benefitted by the copyright infringement of Plaintiff Philpot's work.

8.     Defendant Samantha Ravenscroft "RAVENSCROFT" is, upon information and belief, a staff writer for CELEBRITY, and has written hundreds of articles, some of which included Plaintiff Philpot's photographs. EXHIBIT "D".

9. Defendant Bigfoot Ventures LLC, "BIGFOOT", was formed and registered in New York shortly after Plaintiff Philpot's attorney put Defendant Dominick Miserandino on notice for copyright infringement. New York does not list the members of an LLC on the Secretary of State's website, but Plaintiff, on information and belief, alleges that Bigfoot Ventures LLC is a vehicle to protect the assets of "CELEBRITY."

## FACTS COMMON TO ALL COUNTS

10. Plaintiff Larry G. Philpot "Philpot", is a well known photographer of musicians and concerts in the U.S, and is based in Indianapolis, Indiana. Philpot licenses his photographs to end customers, often popular publications such as Forbes, AOL, AXS-TV, Berkshire Hathaway, and top tier musicians such as KISS, John Mellencamp, and Willie Nelson.

11. On August 25, 2013, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Kid Rock in performance in Indianapolis, IN. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on November 25, 2013 with the Certificate Number VAu 1-182-727. Exhibit "A".

12. The Kid Rock Photo was first published on the World Wide Web September 21, 2013 to the Wikipedia website. The original full size photo is referenced at: http://commons.wikimedia.org/wiki/File:Kid_Rock_2013.jpg and is attached as Exhibit "B".

13. On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. Exhibit "A".

14.     The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website.   The original full size photo is referenced at: http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_200 9_-_Cropped.jpg, and is attached as Exhibit "B".

15.     In an effort to increase his marketability and reputation, and to gain more work, Philpot agreed to make the Photos generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0), or Creative Commons 3.0.

16.     The restrictions of Section 4 of CC BY 2.0 and CC BY 3.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which is required to be: "Photo by Larry Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit "C".

17.     Defendant owns and operates the website www.thecelebritycafe.com ("Website"), which is a website that displayed the infringing image.

18.     Despite having no permission, consent, or license to do so, "CELEBRITY" has for commercial gain and purpose reproduced, distributed, and publicly displayed—as well as made available specifically for advertising, third party's distribution, display and public and sharing— the photo of singer Willie Nelson (the "Nelson Photograph), and the photograph of Kid Rock (Rock Photo) with the DMCA Copyright management information and metadata stripped from all versions of the photos.

19.     Defendant Samantha Ravenscroft has written hundreds of articles for "CELEBRITY", and is believed to be the staff writer most responsible for the infringing articles. There are other

articles by Ms. Ravenscroft that still show breadcrumbs where the Wikipedia images have been removed. EXHIBIT D.

20.     Plaintiff Philpot, upon information and belief, asserts that there are more infringements of Plaintiff's photographs, but the images have been replaced or removed.

21.     Defendant "CELEBRITY" uses 3rd parties to deliver advertising banners that are geo-targeted directly toward Indiana residents.  EXHIBIT "E".

22.     Defendant "CELEBRITY" lists articles and news that are targeted at the residents of the Southern District of Indiana.  EXHIBIT "F".

23.     Defendant "CELEBRITY" accepts advertising from all states through a sign up form, which includes soliciting advertisement revenue from Indiana residents.  EXHIBIT "G".

24.     Plaintiff  Philpot has either published or licensed for publication all copies of the Nelson Photo,  and the Rock Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

25.   A true and correct copy of the copyright registration certificates for the Nelson Photo and the Rock Photos is attached as Exhibit "A".

26.     True and correct copies of the evidence of infringements for both photographs is attached as Exhibit "D".

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

27.     Plaintiff, Philpot incorporates here by reference the allegations in paragraphs 1 through 26,  above.

28.     Philpot is the owner of all rights, title, and interest in the copyrights to the Photos, which consist of material wholly original with Plaintiff and which are copyright subject matter under

the laws of the United States. Philpot has complied in all respects with the Copyright Act and all

of the laws of the United States governing copyrights. The Nelson Photograph and the Rock

Photographs have been timely (specifically for purposes of Plaintiff's recovery of attorneys' fees

and statutory damages) registered with the United States Copyright Office.

29.     Defendant have directly, vicariously and/or contributorily infringed Philpot's copyright

by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation

of 17 U.S.C. § 501 et seq.,

30.     Defendants have willfully infringed Philpot's copyrights by altering the photograph, by

reproducing, displaying, distributing and utilizing the Photo for purposes of trade, and still

further by removing the Identifying Metadata, and Copyright Management Information, and by

failing to provide the required attribution to the author and copyright owner, Philpot, in any

manner.

## SECOND CLAIM FOR RELIEF

(Removal of Copyright Management Information, 17 U.S.C. § 502)

31.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 30

above.

32.     Defendants have directly, vicariously and/or contributorily infringed, and unless

enjoined, will continue to infringe Philpot's copyrights by reproducing, displaying, distributing

and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

33.     Removal of the Copyright Management Information not only bolsters the claim for

willful infringement, and each instance of removal of this information under Paragraph 1202

(b)(1) entitles Plaintiff Philpot to up to $25,000 per use.

# THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement)

34.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 33 above.

35.     One who knowingly induces, causes or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

36.     Defendant produced an article or advertisement on its website, titled " Willie Nelson teams with female singers for new album", which included Plaintiff Philpot's Nelson Photograph,

37.     Defendant produced a second article or advertisement on its website, titled "Top 10 craziest singer arrests", which included Plaintiff Philpot's Kid Rock Photograph,

38.     Defendant was notified by Plaintiff's attorney with a Cease and Desist letter regarding the use of the Photos, and ordered to remove same on or about March 28, 2014, via U.S. Mail.

39.     Defendant has failed to remove all instances of the photographs.. (Exhibit D)


# COMPLAINT

40.     Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Plaintiff Philpot's copyrighted Photos for purposes of trade, including by increasing the traffic to their website and through the social

media functions, and urging readers "Like" , to "Recommend", and to "Share" the photograph
and other events on social media.

41.     All of the Defendants' acts are and were performed without the permission, license or
consent of Philpot. Defendant failed to remove all instances after receiving notice to do so.

42.     Defendant's removal of the copyright management information, and Contributory
Infringement by urging the distribution of the Photos is indicative of attempting to conceal the
existence of the photos, and along with failing to attribute Philpot is prima facia evidence of
willful infringement.

43.     As a result of the acts of Defendants alleged herein, Philpot has suffered substantial
damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and
reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

44.     Because of the willful nature of the copyright infringement, Philpot is entitled to an
award of statutory damages of up to $150,000 per willfully infringed photograph on each
individual website as well as its attorney's fees in prosecuting this action. If other infringements
are discovered in this case, this pleading will be augmented accordingly or notice of additional
infringements will be otherwise filed and served in the case.

45.     Because of the removal of DMCA copyright management information on all the uses of
the photo, Philpot is entitled to the maximum amount of $25,000 per infringement on the
website.

46.     The said wrongful acts of Defendants have caused, and are causing, injury to Philpot.

47.     The full scope of infringement of other works of Philpot is currently unknown, and
discovery will require access to and analysis of the entire database and library of all content of
Defendant's website(s) so it may be searched with image-based search tools for other Philpot

works. Accordingly, Defendants are hereby placed on notice not to destroy or delete any content or material on any of its servers for any domain names and to otherwise preserve all evidence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

48.     The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, linking-to, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Philpot's rights in the Photo.

49.     Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a) (2) & (c) and for costs, interest and reasonable attorney's fees under 17 U.S.C. § 505. This includes statutory damages of $150,000 each for the infringement of the Kid Rock Photo on the website. It also includes a further statutory damages award for the unlawful removal of DMCA copyright management information from Paragraph 1202(b)(1) of $25,000 per infringement, which statutory damages award amounts to $25,000.

50.     Plaintiff is therefore entitled to total statutory damages for the Kid Rock Photo in the amount of $175,000., plus attorney fees to pursue this action.

51.     Plaintiff is therefore entitled to total statutory damages for the Nelson Photo in the amount of $55,000, plus attorney fees to pursue this action.

52.　　Plaintiff is therefore entitled to total statutory damages for both photographs infringed in the amount of $230,000, plus attorney fees to pursue this action.

53.　　Plaintiff is entitled to an accounting for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

54.　　Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

55.　　Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

56.　　That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.


Dated this _ 20th __ day of January, 2015.


Respectfully submitted,


_____

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
317-567-1338
Email:  Larry@behindthemusic.net